UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

APPEAL CASE No. 15-22380-KMM
LOWER TRIBUNAL CASE NO. 13-14289-RAM

SAMUEL D. ROSEN,
APPELLANT,

V.

THOMAS L. ABRAMS,
APPELLEE.

ON APPEAL FROM ORDERS OF THE U.S. BANKRUPTCY COURT,
SOUTHERN DISTRICT OF FLORIDA

**APPELLEE, THOMAS L. ABRAMS' MOTION FOR RECOVERY OF CONTRACTUAL APPELLATE ATTORNEYS FEES AND FOR DAMAGES FOR FRIVOLOUS APPEAL**

Appellee, Thomas L. Abrams, by and through his undersigned counsel, pursuant to the Settlement Agreement, Federal Rule of Bankruptcy Procedure 8020(a); Federal Rule of Appellate Procedure 38, and this Court's inherent powers seeks an order for recovery and entitlement of appellate attorney's fees in this matter.

This case concerns the appeal of three separate orders [ECF 1350, 1351, 1371] , all arising from Appellant's violation of a Settlement Agreement which prohibited demands and claims against either Appellee Abrams, his firm, or the Fort Lauderdale Bridge Club.  The settlement agreement contains a prevailing party fee-shifting provision. [ECF 1089, Ex "A", paragraph 16)(Exhibit 1 hereto].

The bankruptcy court [ECF 1351, 1371] has already found Appellee is entitled to recovery of attorneys' fees due to Mr. Rosen's violation of the Settlement Agreement.  The same "prevailing party" provision expressly applies to appellate fees.  Accordingly, Appellee requests a ruling on

entitlement from this Court. Appellee requests that subsequent to the Court's ruling on entitlement, to the extent applicable to bankruptcy appeals, the procedure and time-table provided by Local Rule 7.3, or such other timing as the Court may direct, be applied to the determination of issues of amount.

Appellee further requests an Order of entitlement to fees on the basis that this appeal is objectively unfounded and frivolous. As the briefing in this case will indicate, there is no basis for this appeal either on the facts or the law. The agreements at issue are unambiguous and correctly interpreted by the bankruptcy court, and Appellant has no colorable basis for questioning the bankruptcy court's ruling.

Before the bankruptcy court, Appellant Rosen sought to excuse his breach of the Settlement Agreement by contending he would not have sent the demand letter at all (demanding that the Bridge Club sue Abrams) had he known that the Plan released Abrams thus precluding a derivative action. Rosen repeatedly told the bankruptcy court at the June 9, 2015 hearing that had he known about the Plan release and injunction provisions he would not have proceeded. Yet he now appeals that same order which he acknowledged at the time was correct.[1]

In addition to a fundamental lack of merit, this appeal has come with an avalanche of frivolous collateral motions, including Rosen's Motion to Disqualify Gamberg & Abrams [DE 15], the Motion To Vacate and for Rule 60(b) relief [DE 33], the deceptive Motion to File Corrected Brief [DE58]. This Court has entered multiple orders taking Appellant to task in one respect or another [DE 27,28,49,62,63, 64]. All the while, Appellant has repeatedly used the protection of litigation privilege to make slurs against Appellee which are unsupported by the record, even when

---

[1] The record also reflects that Rosen was well aware of the Plan release provisions as he received a copy of the Motion to Enforce the Plan and referenced same in his opposition [ECF 1349].

2

they have been rejected by courts and the Florida Bar. Appellee contends that such conduct merits sanctions.

Should the Court agree, the Court may award fees to Appellee pursuant to Federal Rule of Bankruptcy Procedure 8020(a) and Federal Rule of Appellate Procedure 38 which give authority to award fees for a frivolous appeal.[2] Rule 8020 was modeled after Rule 38 to make clear that damages may be awarded for frivolous bankruptcy appeals. *See In re Terri L. Steffen,* 2010 WL 2293235 (M.D. Fla. 2010); Rule 8020; *In re Perry,* 918 F. 2d 931 (Fed Cir. 1990). In addition this Court may also award fees under its inherent powers in the event of a finding of bad faith (which is amply shown on this record). This Court has discretion to award fees jointly and severally against lawyer and client for Appellant. *Taiyo Corporation v. Sheraton Savannah Corporation*, 49 F. 3d 1514, 1515 (11th Cir. 1995).

WHEREFORE, Appellee, respectfully requests that this Court enter an award of entitlement to attorney's fees under the contractual prevailing party provision and on the basis that this appeal was frivolous or filed in bad faith.

---

[2] Appellee does not, of course, seek double recovery, rather, to the extent the entirety of Appellee's appellate fees are not awarded pursuant to the contractual settlement agreement provision, such fees should be awarded pursuant to Bankruptcy Rule of Procedure 8020(a) or this court's inherent powers due to the frivolous appeal.

Dated:  December 1, 2015.                    Respectfully submitted,

COFFEY BURLINGTON, P.L.
*Counsel for Appellee Thomas L. Abrams*
2601 S. Bayshore Drive, Penthouse
Miami, FL 33133-5417
Telephone: (305) 858-2900
Facsimile: (305) 858-5261

By:  /s/ Jeffrey B. Crockett
       Jeffrey B. Crockett,. Esquire
       Florida Bar No. 347401
       jcrockett@coffeyburlington.com
       vmontejo@coffeyburlington.com
       service@coffeyburlington.com

GAMBERG & ABRAMS
*Co-Counsel for Appellee*
1776 North Pine Island Road, Suite 215
Fort Lauderdale, Florida 33322
Telephone:     (954) 523-0900
Facsimile:      (954) 915-9016
E-mail:tabrams@tabramslaw.com

By:  /s/ Thomas L. Abrams
       Thomas L. Abrams, Esquire
       Florida Bar No. 764329

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via CM/ECF/Notice of Electronic Filing to all parties registered to receive notice via ECF and via U.S. Mail as noted on the attached service list on this 30th day of November, 2015.

By:  /s/ Jeffrey B. Crockett
       Jeffrey B. Crockett, Esq.

By:  /s/ Thomas L. Abrams
       Thomas L. Abrams, Esq.

**SERVICE LIST**

*Notice/Service via ECF Electronic Mail:*

The following is the list of <u>parties</u> who are currently on the list to receive e-mail notice/service via CM/ECF for this case:

- Douglas C Broeker    doug@broekerlaw.com, Jamie@broekerlaw.com;DocService@broekerlaw.com

By: /s/ Jeffrey B. Crockett
    Jeffrey B. Crockett, Esq.

By: /s/ Thomas L. Abrams
    Thomas L. Abrams, Esq.
