UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

APPEAL CASE No. 15-22380-KMM
LOWER TRIBUNAL CASE NO. 13-14289-RAM

SAMUEL D. ROSEN,
APPELLANT,

V.

THOMAS L. ABRAMS
APPELLEE,

ON APPEAL FROM ORDERS OF THE U.S. BANKRUPTCY COURT,
SOUTHERN DISTRICT OF FLORIDA

## APPELLEE, THOMAS L. ABRAMS' RESPONSE IN OPPOSITION TO SAMUEL D. ROSEN'S MOTION TO STRIKE APPELLEE'S OPPOSING BRIEF

Respectfully Submitted,

Jeffrey B. Crockett, Esquire
Florida Bar 347401
Coffey Burlington, P.L.
2601 S. Bayshore Drive, Penthouse
Miami, FL 33133-5417
Tel.: (305) 858-2900
Fax: (305) 858-5261
Email: jcrockett@coffeyburlington.com
vmontejo@coffeyburlington.com
service@coffeyburlington.com
*Counsel for Appellee*

Thomas L. Abrams, Esquire
Florida Bar 764329
Gamberg & Abrams
1776 N. Pine Island Road, Ste. 215
Ft. Lauderdale, FL 33322
Tel.: (954) 523-0900
Fax.: (954)915-9016
Email: tabrams@tabramslaw.com
dabrams@tabramslaw.com

*Co-counsel for Appellee*

CASE NO. 15-23380-KMM

Appellee, Thomas L. Abrams, files this his response in opposition to Samuel D. Rosen's Motion to Strike Appellee's Opposing Brief [D.E. 72] and states:

1. On November 2, 2015, Appellee filed its principal response Brief to Appellant's brief. [D.E. 67].

2. The brief contained the certification that the amount of words were 8,914 and in compliance with the rule which allows for 14,000 words as an alternative to the 30 page limit.[1] *See* Table of Contents and page 33 of Appellees brief.

3. Appellant misstates Bankruptcy Rule of Procedure 8015 by stating it limits briefs to 30 pages. To the contrary, as amended effective December 1, 2014, Federal Rule of Bankruptcy 8015 (a)(7)(B)(i) expressly provides that "[A] principal brief is acceptable if: (i) it contains no more than 14,000 words". Rule 8015 (a)(7)(a) provides a principal brief must not exceed 30 pages, "unless" it complies with (B) (14,000 words) and (C) (certification by the attorney that the brief is within the 14,000 word requirement).

4. Appellee's brief is a principal brief. Reply briefs are limited to no more than half of the type volume specified in 8015(a)(7)(B)(i).

5. The Committee Notes provide that the 2014 amendments were designed to achieve "consistency" with F. R. App .P. 32(a) (7). The Committee Notes provide "But as permitted by the appellate rule, subdivision (a) (7) also permits the limits on the length of a brief to be measured by a

---

[1] Appellee's brief could have been substantially longer and still be well within compliance with the Rules. Appellee inadvertently cited the F.R.App.P.32 which is identical to Rule 8015 (a)(7)(B) in regard to the 30 page and alternative 14,000 word limitation.

2

word or line count, as an alternative to a page limit. Basing the calculation of brief length on either of the type –volume methods specified in subdivision (a) (7) (B) will result in briefs that may exceed the designated page limits in (a)(7)(A) and that may be approximately as long as those allowed by the prior page limits".

6. Appellant cited to Local Rule 87.4 for the proposition that such rule "specifically approved and requires compliance with Rule 8015". Appellee's brief is in compliance with 8015 and specifically 8015(a)(7)(B)(i). Moreover, the Local Rules simply "supplements" Federal Rule of Bankruptcy Procedure 8015, but in no way displaces the applicable provisions relating to word limitations as an appropriate length in the alternative to the page limitations. As stated by Appellant, Local Rule 87.4 was recently amended to conform with the 2014 amended Rule 8015 (a) (7) in that it simply provides that the provisions of 8015 shall be complied with as to the length of briefs unless otherwise ordered by the District Court. This includes the alternative 14,000 word limitation.

7. Appellee's brief also complies with the spirit, intent and common sense application of the rules. The instant appeal concerns three separate orders which are related, but concern different issues and law. As conceded by Appellant, there is no prejudice to Appellant by Appellee's brief.

8. In addition, Local Rule 87.4 (k) expressly provides that "This Local Rule is not intended to exhaust or restrict the District Court's discretion as to any aspect of any appeal". This Court has absolute discretion in this regard and all aspects of this appeal.

9. While it seems clear that Appellant is incorrect as to the page limit issue, in the event the Court wants Appellee to submit a shorter brief, Appellee will comply within one business day of any such Order.

CASE NO. 15-23380-KMM

WHEREFORE, Appellant's motion to strike should be DENIED.

Respectfully submitted,

COFFEY BURLINGTON, P.L.
*Counsel for Appellee*
2601 S. Bayshore Drive, Penthouse
Miami, FL 33133-5417
Tel.: (305) 858-2900
Fax: (305) 858-5261
Email: jcrockett@coffeyburlington.com
vmontejo@coffeyburlington.com
service@coffeyburlington.com

By: /s/ Jeffrey B. Crockett
   Jeffrey B. Crockett, Esq.
   Florida Bar No. 347401


GAMBERG & ABRAMS
*Co-Counsel for Appellee*
1776 North Pine Island Road, Suite 215
Fort Lauderdale, Florida 33322
Telephone:   (954) 523-0900
Facsimile:   (954) 915-9016
E-mail:tabrams@tabramslaw.com

By: /s/ Thomas L. Abrams
   Thomas L. Abrams, Esquire
   Florida Bar No. 764329

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via CM/ECF/Notice of Electronic Filing to all parties registered to receive notice via ECF and via U.S. Mail as noted on the attached service list on this 7th day of December, 2015.

By: /s/Thomas L. Abrams
THOMAS L. ABRAMS, ESQ.

## SERVICE LIST

Douglas C. Broeker, Esq.
Florida Bar No. 306738
SWEETAPPLE, BROEKER & VARKAS, P.L.
44 W. Flagler Street, Suite 1500
Miami, Florida 33130
Tel.: (305) 374-5623/ Fax: (305) 358-1023
docservice@broekerlaw.com
dougA@broekerlaw.com

*Counsel for Appellant*

By: /s/Thomas L. Abrams
THOMAS L. ABRAMS, ESQ.

5